UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK<br><br>    Plaintiff,<br><br>    v.<br><br>DELL FARINAS, et al.,<br><br>    Defendants. | No. 2:17-cv-0727 DB P<br><br><br>ORDER |

Plaintiff is a county inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2). Plaintiff has also filed a request for an extension of time to reduce the size of his complaint (ECF No. 7) as well as a "letter" with attachments that is eighty-nine pages in length (ECF No. 8). The letter appears to relate to a recent criminal matter in which plaintiff was involved. (See generally id.). The court addresses each document herein.

For the reasons stated below, the court will grant plaintiff's request to proceed in forma pauperis. In addition, plaintiff's complaint will be dismissed with leave to amend with respect to his personal safety claim and related conspiracy allegation as well as plaintiff's traffic stop and vehicle impoundment claims. Plaintiff's motion for an extension of time to file an amended

complaint with respect to these claims will be granted.  Plaintiff will also be directed to specifically link the remaining named defendants to the claims to be amended or run the risk of having those defendants eventually dismissed.

**I.     Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (See ECF No. 2).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**II.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.   Pleading Standard**

**A.     Generally**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**B.    Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Monell, 436 U.S. at 691. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646

(9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Defendants cannot be held liable for being generally deficient in their supervisory duties.

**IV.     Plaintiff's Allegations in Complaint**

Plaintiff is an inmate housed at the Sacramento County Main Jail.  In his complaint, he names California Department of Corrections and Rehabilitation parole agents Dell Farinas, Teresa Mata and Gordon Lee; Sacramento Police Department employee Melvin Cuckovich #903; Judge Trena Burger-Plavan and Judge R. Seuyoshi; attorneys Michael Nelson and Charles Bauer; deputy district attorneys Willam Satchel and Stephanie Maroun; the towing company Sam Berri Tow; booking deputy N. Daniels #645, and Brian Holida as defendants.  (See ECF No. 1 at 1-2). Plaintiff's statement of the claim is not completely clear.  However, plaintiff appears to allege that each of these defendants was involved in various improper acts stemming from one initial incident:  his arrest by the Sacramento Police Department.  (Id. at 2-3).

In the complaint, plaintiff's statement of the claim reads verbatim:

> Plaintiff is a Registered Process Server on duty at the time in Sacramento, of officer(s) Cuckovich et.al, observation(s).  After advising them of my Right to Travel Officer Airoso reached for his gun and I proceeded to safety, was detained by CHP in Lodi, San Joaquin County, transferred to above officers, automobile towed by Sam Berri without owner consent, transported to Sac. Main Jail. Sexually assaulted by staff during booking process N. Daniels et.al, on a warrant for a previous case being shot by Sac Sheriff with jury verdict of a misdemeanor and officers gave observation to DA office as encroachment of branches to the court.

(ECF No. 1 at 3).

With respect to the relief sought, plaintiff requests the following:

> Plaintiff is seeking restoration from any penalties and disabilities caused.  I'm not interested in waiving my Common Law Right that's protected by the Constitution. And also seeking remedy from the Court for copyright infringement, reservation of rights under UCC 1-207/1-308, false arrest and false imprisonment, tax documents falsified and evasion by pub[l]ic servants without putting up their bond for tax liability, return of personal property and whatever relief the Court deems justified.

(Id. at 3) (brackets added).

Plaintiff's complaint is factually unclear. He describes his initial arrest and the subsequent events that occurred. Specifically, it appears that while doing his job as a process server, he was stopped by more than one officer. (See ECF No 1 at 3). As plaintiff declared his "right to travel" to the officers, Officer Airoso reached for his gun, after which, plaintiff "proceeded to safety." (See id.). It is unclear whether this means that plaintiff tried to resist being detained, actually attempted to flee the scene, or both.

Ultimately, plaintiff was detained, his vehicle was towed, and he was taken to jail. (See id.). Thereafter, plaintiff states that while being booked, he was sexually assaulted by "N. Daniels, et al." (See id.). Plaintiff also appears to assert that he had a pending warrant from a previous case where a jury had convicted him of a misdemeanor. Plaintiff claims this information was improperly shared with the district attorney's office. (See id.). It is unclear whether the pending warrant was the reason why plaintiff was stopped by the Sacramento Police Department. It is also unclear precisely what type of relief plaintiff is seeking (e.g., declaratory, injunctive, monetary damages). Nevertheless, the court will address legal standards related to the right to personal security, conspiracy, traffic stops, transfer of criminal record, and vehicle impoundment.

**V.     Discussion**

**A.     Right to Personal Security**

**1.  Relevant Law**

The right to personal security is an "historic liberty interest" that is protected substantively by the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). This right is not extinguished by lawful confinement, even for penal purposes. See generally Hutto v. Finney, 437 U.S. 678 (1978). Insufficient protection of a prisoner resulting in harm inflicted by other inmates may also violate a prisoner's due process rights. Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (citing Youngberg, 457 U.S. at 315-16).

A prisoner may state a Section 1983 claim under the Eighth Amendment against prison officials where the officials acted with deliberate indifference to the threat of serious harm or injury to him. Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013); see Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (stating same with respect to harm inflicted

by another inmate). The deliberate indifference standard is also applicable to pretrial detainees. See Redman v. County of San Diego, 896 F.2d 362, 366 (9th Cir. 1990). "Deliberate indifference" has both subjective and objective components. Labatad, 714 F.3d at 1160. First, a prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. Then, the official must also draw the inference. See Labatad, 714 F.3d at 1160 (citing to Farmer v. Brennan, 511 U.S. 825, 837 (1994) (internal quotations omitted)). Liability may follow only if a prison official knows that inmates face a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. Labatad, 714 F.3d at 1160.

### 2. Analysis

Plaintiff alleges that during the booking process, he was sexually assaulted by "N. Daniels et al." (See ECF No. 1 at 3). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse and cannot be deliberately indifferent to prisoners' safety needs. See Farmer, 511 U.S. at 832-33; see also Hudson v. Palmer, 468 U.S. 517, 526-27 (1984) (stating prison officials are obligated to take reasonable measures to guarantee the safety of inmates). As a booking agent for the jail, N. Daniels is likely an individual acting under color of law. Additionally, allegations of sexual assault in jail appear to establish a basic violation of a constitutional right to personal security. What remains at issue, is who else, allegedly acted with N. Daniels. Plaintiff must clarify this.

Because plaintiff has presented adequate evidence to establish a cognizable Section 1983 claim with respect to N. Daniels, the court will dismiss this claim with leave to amend. However, as discussed below, in plaintiff's amended complaint, if possible, he must be certain to link N. Daniels actions as well as those of others who participated in the sexual assault with his harm and his violation of constitutional right.

### B. Conspiracy

#### 1. Relevant Law

"A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which

results in damage." Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted). Conspiracy is not itself a constitutional tort under Section 1983, and it does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. Lacey v. Maricopa Cty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc).

For a Section 1983 conspiracy allegation to be viable, "an agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown." Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). However, "[d]irect evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action." Mendocino Envtl. Ctr. v. Mendocino Cty., 192 F.3d 1283, 1302 (9th Cir. 1999) (brackets added). Therefore, "an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." Id. at 1301.

### 2. Analysis

Plaintiff asserts that he was also sexually assaulted by defendants other than N. Daniels. (See ECF No. 1 at 3). In so doing, he effectively alleges that N. Daniels and others conspired together to violate his Eighth and Fourteenth Amendment rights to personal security. Although plaintiff lists a number of individuals as defendants on the first page of his complaint (see ECF No. 1 at 1), in the petition, plaintiff has not: (1) identified the occupations or status of all the other alleged defendants; (2) indicated whether the alleged assailants were acting under color of law; (3) stated whether he is filing suit against the alleged assailants in their official capacities or in their personal capacities; (4) alleged facts in support of his assertion that N. Daniels and others intentionally acted together to assault him; (5) provided sufficient facts regarding the alleged group assault, or (6) indicated what types of remedies he is seeking with respect to each entity and/or individual. As such, plaintiff has not presented a cognizable allegation of conspiracy as it relates to the violation of his right to personal security under Section 1983. However, given the conspiracy allegation's link to the personal security claim, the court will also dismiss this allegation with leave to amend.

////

**C. Traffic Stop and Arrest and Transfer of Plaintiff's Information**

As for plaintiff's claim that he was unlawfully stopped by authorities (see ECF No. 1 at 3), individuals have a right to be secure in their persons against unreasonable search and seizure without probable cause. See U.S. Const. amend. IV; see also Mapp v. Ohio, 367 U.S. 643, 646 n.4 (1961). However, given that plaintiff is contesting the initial stop that ultimately led to his arrest and detention, it could be argued that this issue relates to the fact or duration of plaintiff's confinement. Such claims are more appropriately brought via a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of confinement and relief sought is immediate or speedier release). The same can be said for plaintiff's assertion that the jail authorities improperly provided information to the district attorney's office. (See ECF No. 1 at 3).

At the same time, however, an unlawful traffic stop may give rise to a Section 1983 violation. See Haynie v. County of Los Angeles, 339 F.3d 1071, 1075 (9th Cir. 2003). Because it is unclear whether the officers had probable cause to stop plaintiff, this claim will be dismissed with leave to amend for plaintiff to provide the identities of the officers who stopped him as well as any facts that support plaintiff's assertion that the officers did not have probable cause to stop him.

Regarding plaintiff's claim of unlawful transfer of information, because plaintiff provides neither facts regarding the substantive nature of the information provided to the district attorney's office nor law supporting his allegation that the transfer of said information was unlawful, and he does not clearly identify the rights violated or his harm, the claim will be dismissed without leave to amend, and named defendants Michael Nelson and Charles Bauer (attorneys), "Stephanie Maroun et al." and William Satchel (deputy district attorneys), and R. Seuyoshi and Trena Burger-Plavan (judges) will be dismissed in this matter.[1] Plaintiff is advised that because the

---

[1] In so doing, the court presumes that plaintiff's claim of unlawful transfer of information is the only claim in the complaint in which attorneys and judges – officers of the court – could have participated. If, however, any of these individuals are linked to plaintiff's personal security, conspiracy, traffic stop, or vehicle impoundment claims and allegations, plaintiff should indicate as much in his amended complaint.

8

transfer of the information in question appears to relate to the fact or duration of his confinement any contest of the transfer is on its face more appropriately addressed in a habeas petition.

### D. Vehicle Impoundment

#### 1. Relevant Law

"The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." Ramirez v. Buena Park, 560 F.3d 1012, 1024 (9th Cir. 2009) (quoting Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005)). A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment subject only to a few specifically established exceptions. Id. 560 F.3d at 1025. In such a situation, the question is not whether the seizure was authorized by state law but rather, whether the seizure was reasonable under the Fourth Amendment. Id. (citing to Sibron v. New York, 392 U.S. 40, 61 (1968)).

For example, the Ninth Circuit has determined that the "community caretaking" doctrine, which allows police officers to impound vehicles that "jeopardize public safety and the efficient movement of vehicular traffic" or that may be a target for vandalism or theft, is a relevant exception to the seizure rule. See Ramirez, 560 F.3d at 1025 (citing South Dakota v. Opperman, 428 U.S. 364, 368-69 (1976)); see also Miranda, 429 F.3d at 864). Impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and it is also necessary to remove the vehicle from an exposed or public location. Miranda, 429 F.3d at 865. Indeed, "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." Opperman, 428 U.S. at 369 (brackets added).

#### 2. Analysis

With respect to plaintiff's claim that his vehicle was towed without his consent by Sam Berri Tow after his detention by the California Highway Patrol (see ECF No. 1 at 3), although plaintiff seems to assert in the complaint that the police stop was unlawful (see id.), plaintiff also states that there was a warrant out for him on a previous case (see id.), and it also appears that plaintiff may have given chase (see id.) (plaintiff stating that he "proceeded to safety"). If this is the case, the authorities would have had probable cause to stop plaintiff and arrest him, and the

subsequent seizure of his vehicle would have been reasonable.  See U.S. Const. amend. IV (protecting only against unreasonable search and seizure and issuance of warrants without probable cause); see also United States v. Buckner, 179 F.3d 834, 837 (9th Cir. 1999) (stating probable cause exists when, under totality of circumstances, a prudent person would have concluded there was fair probability that suspect had committed a crime).

In sum, for the impoundment to be actionable, plaintiff must show that the traffic stop was not criminally related and that no community caretaking exceptions existed at the time his car was impounded.  See, e.g., Miranda, 429 F.3d at 864 (holding probable cause to believe traffic infraction or non-criminal violation had occurred was insufficient to justify impoundment of vehicle parked in owner's driveway).  In addition, whether Sam Berri Tow was acting under color of state law when it towed his vehicle also needs to be determined.  For these reasons, plaintiff's claim of illegal impoundment of his vehicle will be dismissed with leave to amend to state a cognizable claim.

**VI.  Remaining Named Defendants**

Having addressed all of plaintiff's claims, a review of the complaint indicates that plaintiff has failed to allege that the remaining named defendants have, while acting under color of law, violated rights guaranteed to him under the Constitution.  (See generally ECF No. 1).  The defendants are:  Dell Farinas, Teresa Mata, Gordon Lee, Melvin Cuckovich and Brian Holida. Therefore, if plaintiff amends his complaint, he will be ordered therein to state how, if at all, these individuals are tied to plaintiff's remaining personal security claim and conspiracy allegation.  If he does not, they will be dismissed.

**VII.  Motion for Extension of Time**

On July 17, 2017, plaintiff filed a motion for extension of time.  (ECF No. 7).  The request was made because plaintiff had an upcoming court date, and he was also waiting to receive in forma pauperis and amended complaint paperwork, amongst other things.  (See id. at 1).  This was plaintiff's second request for an extension of time.  (See ECF No. 5 (first extension of time)). Attached to the extension of time request appears to be a more detailed statement of the facts as they relate to plaintiff's complaint along with a declaration.  (See ECF No. 7 at 2-11).

Plaintiff's request for an extension of time (ECF No. 7) will be granted. However, to the extent plaintiff wishes to incorporate the attached statement and declaration therein into his original complaint, the court is not inclined to allow this. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. See L.R. 220. Therefore, if plaintiff opts to amend his complaint, any facts in the extension of time statement and declaration and any relevant facts from the original complaint (ECF No. 1) will need to be incorporated into a second, stand-alone document. The resulting document must be a short and plain statement of the claim and include a demand for the relief sought. Fed. R. Civ. Proc. 8(a).

## VIII. Plaintiff's Letter

On December 4, 2017, plaintiff filed a letter with the court. (ECF No. 8). The letter, with attachments, was eighty-nine pages in length. Many of the pages appear to deal with criminal proceedings plaintiff was going through at the time (see, e.g., id. at 1-7), and some of the pages are unreadable (see, e.g., id. at 15-19). It appears that the letter is asking that the court send the prosecutor in the criminal proceeding a notice for dismissal. (See id. at 1).

The court cannot involve itself in a plaintiff's current criminal proceedings. As stated earlier, to the extent plaintiff is requesting review of a conviction or sentence, such a review should be filed in a petition for writ of habeas corpus. See Preiser, 411 U.S. at 500. This should be done after plaintiff has exhausted all of his state appeals in the matter. See 28 U.S.C. § 2254(b)(1)(A).

## IX. Conclusion

Plaintiff's complaint must be dismissed for failure to state cognizable claims. The court will grant plaintiff an opportunity to file an amended complaint to cure the above-noted defects. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i).

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting

Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934. Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is again advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of the Sacramento County Main Jail filed concurrently herewith;

3. Plaintiff's motion for extension of time (ECF No. 7) is GRANTED;

4. Plaintiff's complaint (ECF No. 1) is DISMISSED as follows:

    a. Plaintiff's personal security claim and its related conspiracy allegation as well as his traffic stop and vehicle impoundment claims are dismissed with leave to amend, and

    b. Plaintiff's transfer of criminal record claim is dismissed without leave to amend.

5. Defendants Michael Nelson, Charles Bauer, "Stephanie Maroun et al.," William Satchel, R. Seuyoshi, and Trena Burger-Plavan are DISMISSED as defendants in this matter;

6. In the amended complaint, with respect to the remaining named defendants Dell Farinas, Teresa Mata, Gordon Lee, Melvin Cuckovich and Brian Holida, plaintiff must clearly

provide the specific occupation of each, and indicate how, if at all, each is tied to plaintiff's remaining personal security claim and conspiracy allegation and/or plaintiff's traffic stop and vehicle impoundment claims or risk having them dismissed as defendants, and

7. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed for failure to comply with a court order.

8. The Clerk of the Court is directed to provide plaintiff a copy of the prisoner complaint form used in this district.

Dated: March 29, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/clar0727.scrn